# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIFETOUCH NATIONAL SCHOOL STUDIOS INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 16-CV-0674-CVE-JFJ<br>) |
| TIMOTHY BOWMAN, an individual, JOHN WRIGHTSMAN, an individual, WOODY STALNAKER, an individual, KYNDAL PETT, an individual, and TULSA SCHOOL PICTURES, LLC, an Oklahoma corporation, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is defendant Woody Stalnaker's motion for summary judgment and brief in support (Dkt. # 89). On June 5, 2017, plaintiff Lifetouch National School Studios Inc. (Lifetouch) filed an amended complaint (Dkt. # 22) against inter alia the remaining defendants, Timothy Bowman and Woody Stalkner, asserting causes of action for breach of contract, breach of fiduciary duty, breach of duty of loyalty, and civil conspiracy, relating to alleged breaches of employment agreements with Lifetouch. Defendants John Wrightsman and Kyndal Pett were dismissed from the action on August 9, 2018, and the Court entered judgment in favor of Lifetouch and against defendant Tulsa School Pictures, LLC on August 14, 2018. Stalnaker and Bowman do not assert counterclaims.

### I.

For purposes of the motion for summary judgment, the following facts are undisputed:

Lifetouch provides photography services to students and families in schools and other community arenas on a national scale, including Oklahoma. Lifetouch services the northeast

Oklahoma region based out of an office in Owasso, Oklahoma. In December 2015, Lifetouch announced a restructuring of operations in which certain administrative and operational functions were to be transferred from local territory offices to a central service center. Accordingly, Lifetouch eliminated certain administrative positions in its territory offices, including the position of office manager, which was held by Tonya Stevenson in the Tulsa territory office. Ms. Stevenson resigned her employment with Lifetouch on February 10, 2016, effective February 12, 2016, following the announcement of the pending elimination of her position.

The school photography business is significantly tied to and influenced by the school calendar year. By the time the school year commences in August each year, virtually all photography business and photography sessions with schools have been booked for the ensuing school year. During the 2015-2016 school year, the Tulsa territory office had serviced over 200 schools. Leading up to the 2016-2017 school year, the Tulsa territory office was managed by Bowman and included the following team members: Stalnaker, as sales professional; Wrightsman, as photographer; and Pett, as photography manager. Pett is Ms. Stevenson's sister.

On May 13, 2004, Bowman had entered into a territory manager employment agreement with Lifetouch, which contained a duty of loyalty provision pursuant to which Bowman agreed to conduct Lifetouch business in a lawful and professional manner in the best interests of Lifetouch and to devote his full working time and attention exclusively to his responsibilities as an employee of Lifetouch.

Tulsa School Pictures was formed on February 19, 2016 and is owned by Bart Baker and Nathan Dunn. Baker and Dunn also own Oklahoma School Pictures, which they had operated for several years prior to opening Tulsa School Pictures.

2

In defendant's motion for summary judgment, he lists twenty-five allegedly undisputed material facts for purposes of summary judgment. Dkt. # 89, at 10-17, ¶¶ 1-25. In response, plaintiff disputes all but seven of defendant's allegedly undisputed material facts. Dkt. # 105, at 4-8. Based on the failure to dispute seven of defendant's allegedly undisputed material facts, the following seven additional material facts are undisputed: on two occasions, Stalnaker declined to sign an employment agreement with Lifetouch that restricted his ability to work as a salesman in the school photography business for eighteen months after retirement; because work orders are typically not finalized until late July or early August, and not more than two to three weeks before the Fall picture season, the Lifetouch form work orders were not completed at the time Stalnaker retired in June 2016; Stalnaker had considered retiring from Lifetouch for several years, and in June 2016, he told Bowman that he would be retiring at the end of the month; four of the eight Tulsa office employees had left between January 1, 2016 and June 30, 2016; Lifetouch has no evidence or witnesses to testify that Stalnaker took any Lifetouch property; Lifetouch understands that despite having a picture date booked, schools are free to change their mind at will and go with another picture vendor; and Lifetouch has no evidence that Stalnaker took any electronic or hard copies of any Lifetouch customer lists, or that Stalnaker secured business with schools on behalf of Tulsa School Pictures by underbidding Lifetouch's pricing. Id.

Plaintiff disputes eighteen of defendant's allegedly undisputed facts on the grounds that: Lifetouch had a valid employment agreement with Stalnaker, which was received by the Lifetouch corporate office; although the Lifetouch Tulsa territory office represented that 125 schools were booked for the 2016-2017 school year, many of those schools were not in fact booked with Lifetouch and were photographed by Tulsa School Pictures in 2016-2017; Stalnaker engaged in

3

communications with a representative of Tulsa Public Schools regarding his retirement from Lifetouch before he retired and several schools in the Tulsa Public School District were photographed by Tulsa School Pictures during the 2016-2017 school year; and defendant contends that Lifetouch territory team members did not communicate with each other or know of the existence of Tulsa School Pictures while working for Lifetouch. Id.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could

4

reasonably find for the plaintiff." Anderson, 477 U.S. at 252.  In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250.  In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

Based upon the eighteen disputes of fact listed above, the Court finds that there are genuine disputes of material facts, including whether Lifetouch had a valid employment agreement with Stalnaker, whether Bowman had the authority to allow Stalnaker to conditionally sign and attempt to rescind that agreement and, if so, whether Stalnaker validly rescinded that agreement.  Further, if a valid employment agreement exists, there are genuine disputes of material fact as to whether Stalnaker in fact breached that agreement.  In addition, Lifetouch seeks actual and exemplary damages against Stalnaker (and Bowman), which are also disputed factual issues.  These are issues for the jury to resolve; summary judgment would be inappropriate.

**IT IS THEREFORE ORDERED** that defendant Woody Stalnaker's motion for summary judgment (Dkt. # 89) is **denied**.

**DATED** this 1st day of October, 2018.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE